NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3150

LEROY WIERZCHOWICZ,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

_____

DECIDED:  October 20, 2004

_____

Before NEWMAN, LINN, and PROST, Circuit Judges.

PER CURIAM.

Leroy Wierzchowicz petitions for review of the decision of the Merit Systems Protection Board, Docket No. AT0752030101-I-1, affirming his removal by the Department of the Navy for failure to follow agency policy in the disposal of hazardous waste.  We affirm the decision of the Board.

## Background

In June 1997 Mr. Wierzchowicz was employed as a civilian police officer with the Navy's Costal Systems Station ("CSS") in Panama City, Florida. In March, 2001 he transferred to a GS-5 position of Supply Technician in the agency's hazardous material section. Among his duties were the delivery of hazardous materials to other entities at the CSS and the collection of hazardous waste for proper disposal.

On June 26, 2002 Mr. Wierzchowicz was given thirty empty aerosol cans for disposal. He took the cans to the Inventory Management Specialist, who was also his team leader, who logged the return of the cans into her computer using the bar codes. Mr. Wierzchowicz then took the cans to the Environmental Protection Specialist for disposal; however, that employee was on leave and the building was locked. Mr. Wierzchowicz then placed the cans in a dumpster, where they were discovered later that day by another agency official. Since the bar codes of the cans had been recorded, the agency determined that Mr. Wierzchowicz had placed the cans in the dumpster. He was removed from service for failing to follow the agency's policy regarding the disposal of aerosol cans.

Mr. Wierzchowicz appealed to the Board, which affirmed the removal. This appeal followed.

## Discussion

In order to sustain the removal of an employee for improper conduct, the Board must find that the employee engaged in the conduct charged, that there was a relationship between the conduct and the employee's duties such that the penalty of removal promotes

the efficiency of the service, and that the penalty was reasonable upon consideration of the factors set forth in Douglas v. Veterans Administration, 5 M.S.P.R. 280 (1981).

Mr. Wierzchowicz acknowledges that he placed the aerosol cans in the dumpster and does not dispute the connection between agency policies of hazardous waste disposal and the efficiency of the service. He argues only that the penalty of removal is too severe, and that he should be restored to his position with only a letter of reprimand.

The administrative judge (AJ) determined that this incident was the second disciplinary action in the previous two years. The earlier action was a thirty-day suspension for conduct unbecoming a police officer. The AJ determined that Mr. Wierzchowicz had been aware of the agency's policies of the proper disposal of aerosol cans and that he had intentionally violated them. The AJ found that his explanations were not credible, and concluded that Mr. Wierzchowicz was attempting to minimize the seriousness of his conduct and thus was not a good candidate for rehabilitation. The AJ concluded that removal was an appropriate penalty and promoted the efficiency of the service.

Substantial evidence supports the AJ's findings. As a supply technician whose job was focused on the proper disposal of hazardous waste, Mr. Wierzchowicz' knowing violation of the agency's disposal policies was particularly serious. At the time of the violation, Mr. Wierzchowicz did not have a long career of federal service, but his record was not unblemished. The AJ's concern for his lack of candor during the hearing was a factor that could be considered. The Board did not commit reversible error in concluding that the penalty of removal was not excessive in light of the Douglas factors. That holding must be sustained.